UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMAS BLANDINO, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>    Defendant. | Case No. 25-cv-09143-NC<br><br>**ORDER TO SHOW CAUSE ESTABLISHING DIVERSITY JURISDICTION**<br><br>Re: ECF 1 |

On October 23, 2025, Defendant Liberty Mutual Insurance Company filed a notice of removal for an action brought by Plaintiffs Tomas and Auxiliadora Blandino in state court. ECF 1. The Court issues this Order because the notice of removal fails to plausibly allege diversity jurisdiction.

"Federal courts have an independent obligation" to assess subject matter jurisdiction. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). Because "[f]ederal courts are courts of limited jurisdiction," they must "presume[]" that a case falls outside of this limited jurisdiction, "and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A defendant may remove a case from state court if the federal court would have had original subject matter jurisdiction over the matter, including based on diversity. 28

U.S.C. §§ 1441(a), (b). A notice of removal must contain a short and plain statement of the grounds for removal and basis for federal jurisdiction. 28 U.S.C. § 1446(a). Diversity jurisdiction requires that parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

Defendant's conclusory allegations that diversity of citizenship and the amount in controversy are satisfied are insufficient. First, as to diversity, a natural person is a citizen of a given state if they are a citizen of the United States and domiciled within that state. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* The notice of removal states only that "Plaintiffs are citizens of California." ECF 1 ¶ 6. And Plaintiffs' complaint alleges only that they "were and are currently the owners of certain real property, a residential dwelling" in California. ECF 1 at 14. The complaint does not allege that Plaintiffs reside at this dwelling nor any other information that would indicate their place of domicile or citizenship. Without any additional allegations in the complaint or explanation by Defendant in the notice of removal, Defendant falls short of meeting its burden to plausibly allege complete diversity of citizenship. *Kanter*, 265 F.3d at 857–58.

Second, a notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Defendant's notice of removal does not meet this bar. The amount in controversy is typically determined first from the face of the pleadings. *Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167, 1176 (9th Cir. 2025). Where a plaintiff's complaint does not state an amount in controversy, a removing defendant may rely on "a chain of reasoning that includes assumptions" to allege the amount in controversy. *Id.* (citations omitted). Here, the notice of removal notes that Plaintiffs' complaint seeks "$45,686.62 in repair and mitigation costs," along with damages for emotional distress, loss of full use and enjoyment of their property, diminution in value of the property, attorneys' fees, and punitive damages. Thus,

2

Defendant claims "it is apparent that the amount in controversy is greater than $75,000, exclusive of interest and costs." ECF 1 ¶ 11. Defendant provides no reasoning in the form of factual or legal support for their implied assumption that the categories of damages Plaintiffs seek beyond the $45,686.62 would plausibly amount to at least $30,000, give or take. Defendant therefore does not meet its burden.

Defendant is therefore ordered to show cause in writing or file an amended notice of removal by November 10, 2025, plausibly alleging diversity jurisdiction such that the Court has subject matter jurisdiction over this action. Plaintiffs may file a response by November 17, 2025, if they so choose. Failure to establish subject matter jurisdiction will result in remand of this action to state court.

**IT IS SO ORDERED.**

Dated: October 27, 2025

_____
NATHANAEL M. COUSINS
United States Magistrate Judge